1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF WASHINGTON
9                          AT TACOMA

10   SARAH B.,
                                            CASE NO. 2:23-CV-564-DWC
11                    Plaintiff,
                                            ORDER RE: SOCIAL SECURITY
12         v.                               DISABILITY APPEAL

13   COMMISSIONER OF SOCIAL
     SECURITY,
14
                      Defendant.
15

16
          Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial
17
     of her application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed.
18
     R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the
19
     undersigned. Dkt. 2. After considering the record, the Court concludes that the ALJ erred in
20
     failing to adequately evaluate the testimony of Plaintiff's wife and therefore that this matter must
21
     be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further
22
     proceedings consistent with this order.
23

24

SARAH B., - 1

# I. BACKGROUND

Plaintiff protectively filed an application for DIB on June 16, 2020. Administrative Record (AR) 18. She alleged disability beginning May 1, 2014, AR 197, which she amended to February 1, 2019, AR 40. Plaintiff's date last insured (DLI) was June 30, 2019. AR 18.

After her application was denied initially, AR 67–81, and upon reconsideration, AR 84–88, her requested hearing was held by video call upon before an Administrative Law Judge (ALJ) on February 17, 2022, AR 37–66. On March 2, 2022, the ALJ issued a written decision finding Plaintiff not disabled during the relevant period. AR 25–36. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency decision and subject to judicial review. AR 1–7.

# II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if and only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

# III. DISCUSSION

Plaintiff argues the ALJ erred in (1) rejecting the lay witness testimony of Plaintiff's wife; (2) rejecting the lay witness statement of Plaintiff's wife's employer (Paul); (3) rejecting the medical opinions of her treating physician; (4) finding the state agency medical consultant's

1   opinion persuasive. *See generally* Dkt. 10. Plaintiff requests that the Court reverse and remand to

2   the ALJ for proper consideration of the evidence. *See id.* at 16.

3   **A. Plaintiff's Wife's Testimony**

4          Plaintiff's wife testified at the hearing and completed a third-party function report. AR

5   53–61, 261–72. She testified that Plaintiff had been experiencing pseudo-seizures since 2018.

6   AR 54. Beginning in February 2019, she testified, Plaintiff's fatigue often prohibited her from

7   leaving bed. AR 55. Plaintiff's wife testified that there had not been a month since late 2018

8   where Plaintiff had not spent at least several days in bed, although the frequency of this

9   occurrence increased over the following years. AR 60–61. Beginning in February 2019,

10  Plaintiff's wife had to work from home two to three days a week to care for Plaintiff and their

11  daughter. AR 55.

12         "[I]n order to discount competent lay witness testimony, the ALJ 'must give reasons that

13  are germane to each witness.'" *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (quoting

14  *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Defendant does not dispute that the ALJ

15  was required to articulate why she rejected Plaintiff's wife's testimony,[1] *see* Dkt. 13 at 2–3,

16  although it argued otherwise as to Paul's testimony, *see* Dkt. 13 at 7 n.4.[2]

17  _____

18         [1] Defendant assumed in its brief that the "clear and convincing" standard applicable to subjective symptom
    testimony applied to the testimony of Plaintiff's wife. *See* Dkt. 13 at 2–3. This may be because, according to
19  Defendant, "[a]t the hearing, Plaintiff asked that her wife testify on her behalf." Dkt. 13 at 2 n.1 (citing AR 39). It
    may also be because the ALJ did not clearly distinguish her analysis of Plaintiff's wife's testimony from her analysis
20  of Plaintiff's testimony. *See* AR 25–29. Plaintiff does not accept this assumption. Dkt. 14 at 4. Regardless, it is
    immaterial to this dispute because the Court finds that the ALJ's decision was in error even under the less
    demanding "germane reasons" standard typically applicable to lay witness evidence. *See Moore v. Comm'r of Soc.*
21  *Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) ("The clear and convincing standard is the most demanding required
    in Social Security cases.").
22         [2] With respect to Paul's statement, Defendant argued the revised regulations governing articulation
    requirements for medical opinions absolve the ALJ of any articulation requirement for lay witness evidence. *See*
23  Dkt. 13 at 7 n.4. The Ninth Circuit has not addressed this issue, *see Stephens v. Kijakazi*, No. 22-25998, 2023 WL
    6937296, at *2 (9th Cir. Oct. 20, 2023) ("We have not yet addressed whether under the new regulations an ALJ is
    still required to provide germane reasons for discounting lay witnesses."), although it asserted otherwise in a
24  footnote to an unpublished opinion prior to *Stephens*, *Fryer v. Kijakazi*, No. 21-36004, 2022 WL 17958630, at *3

1    The ALJ rejected Plaintiff's wife's testimony because the limitations Plaintiff's wife

2    observed prior to the DLI were purportedly inconsistent with the medical evidence. AR 25. An

3    ALJ may discount lay witness testimony if it conflicts with medical evidence, but a mere "lack

4    of support from medical records is not a germane reason" to reject lay witness testimony.

5    *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017); *see also Bruce v. Astrue*, 557 F.3d

6    1113, 1116 (9th Cir. 2009) ("Nor under our law could the ALJ discredit . . . lay testimony as not

7    supported by medical evidence in the record.") (citing *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th

8    Cir. 1996)). "The fact that lay testimony and third-party function reports may offer a different

9    perspective than medical records alone is precisely why such evidence is valuable at a hearing."

10   *Diedrich*, 874 F.3d at 640.

11   Moreover, an ALJ errs when she "effectively requir[es] objective evidence for a disease

12   that eludes such measurement." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (cleaned

13   up). Functional Neurological Disorder, which Plaintiff was diagnosed with, "presents unusual

14   challenges" because it "is characterized, in part, by the *lack* of objective evidence to substantiate

15   physical [and] medical phenomena." *Metcalf v. Comm'r Soc. Sec. Admin.*, 592 F.Supp.3d 857,

16   864 (D. Ariz. 2022) (emphasis in original). The disorder causes someone "to exaggerate [their]

17   physical problems in [their] mind beyond what the medical data indicate." *Easter v. Bowen*, 867

18   F.2d 1128, 1130 (8th Cir. 1989). In turn, "[s]ubjective perceptions" of the symptoms "may, in

19   fact, be debilitating even when clinical or diagnostic medical evidence does not fully support the

20   _____

21   n.1 (9th Cir. Dec. 27, 2022). The Court disagrees with Defendant. The revised regulations expressly did not change
     the requirements governing ALJs' assessments of lay witness testimony. *See* 20 C.F.R. § 1520c(e) ("[An ALJ is] not

22   required to articulate how [she] considered evidence from nonmedical sources *using the requirements in paragraphs
     (a)-(c) of this section*.") (emphasis added). "That an ALJ can disregard or reject relevant lay evidence for no reason

23   is inconsistent with the Commissioner's obligation to consider such evidence, and the rule the ALJ must provide
     some rationale in order for the Court to meaningfully determine whether the ALJ's conclusions are free of legal error
     and supported by substantial evidence." *Gary J.D. v. Comm'r of Soc. Sec.*, 2023 WL 5346621, at *14 (W.D. Wash.

24   Aug. 21, 2023).

1   claimed symptoms." *Nowling v. Colvin*, 813 F.3d 1110, 1114 (8th Cir. 2016) (citation omitted).

2   Thus, "in this type of case, even more so than in other cases, corroborating testimony from actual

3   witnesses such as family members or former employers regarding the nature of the symptoms

4   may hold particular value for a fact finder." *Id.* at 1114–15.

5       Here, the medical evidence was not inconsistent with Plaintiff's wife's testimony. The

6   Court therefore finds that the ALJ erred by requiring corroborating medical evidence for the

7   limitations Plaintiff's wife observed. *See Diedrich*, 874 F.3d at 640; *Benecke*, 379 F.3d at 594.

8       The ALJ discredited testimony detailing Plaintiff's debilitating fatigue because the

9   records "[did] not contain any objective examination findings or observations that would support

10  the extent of debilitation alleged." AR 26. Treatment notes show Plaintiff experienced chronic

11  fatigue since 2013, causing her to leave her job in 2014. *See* AR 399–400, 406–07, 424, 1000–

12  03, 1007. Notes from December 2018 indicate Plaintiff's chronic fatigue persisted, causing

13  Plaintiff's treating physician to recommend a sleep study. AR 998. This is consistent with

14  Plaintiff's wife's testimony that Plaintiff had debilitating fatigue from February 2019 onwards.

15  AR 55. A lack of evidence fully corroborating the extent of the fatigue is not a valid reason to

16  discount the testimony. *See Diedrich*, 874 F.3d at 640.

17      The ALJ found that Plaintiff's "unremarkable findings [from physical examinations

18  were] not consistent with allegations of debilitating symptoms and limitations." AR 27. The ALJ

19  pointed to normal neurological and physical exam findings. AR 26–27 (citing 666–71, 672–77,

20  1000-02). But subjective perceptions of physical pain caused by Functional Neurologic Disorder

21  may still "be debilitating" despite normal exam findings. *Nowling*, 813 F.3d at 1114.

22      Moreover, the ALJ did not adequately explain how these specific neurological and

23  physical exam findings contradicted the testimony of Plaintiff's wife. It was incumbent on her to

24

do so. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"). For instance, when Plaintiff went to an emergency room in July 2019, eight days after the DLI,[3] she appeared fatigued; presented with chills, sweats, and nausea; was hypokalemic; and reported pain. AR 672–78. Examination found no neurological deficits, extremity weakness, or "concerning findings suggestive of central infection." AR 27 (citing AR 672–77). To the ALJ, these normal exam findings were "not consistent with allegations of debilitating symptoms and limitations." AR 27. While the normal exam findings did not corroborate Plaintiff's complaints, the Court cannot discern from the decision why those exam findings were inconsistent with those complaints. The normal exam findings do show that medical examiners had difficulties explaining Plaintiff's symptoms. But this is typical of somatic disorders like Functional Neurologic Disorder. *See* 20 C.F.R. § 404, Subpt. P, App. 1 (somatic disorders are "characterized by physical symptoms or deficits that . . . cannot be fully explained by a general medical condition [or] another mental disorder").

The ALJ rejected Plaintiff's wife's testimony because Plaintiff's anxiety and depression were described in several treatment notes as well controlled. AR 25–26 (citing AR 406–07, 1005). The ALJ also found, based on several treatment notes, that Plaintiff's physical back pain improved from medication. AR 26–27 (citing AR 996, 1000–02). Neither piece of evidence is inconsistent with Plaintiff's wife's testimony detailing chronic fatigue and pseudo-seizures during the relevant time period. Moreover, "while discussing mental health issues, it is error to

---

[3] Defendant noted that the ALJ "was not required" to review the medical evidence from after the DLI. Dkt. 13 at 4. This is incorrect. The ALJ must "consider all evidence in [the] case record." *See* 20 C.F.R. § 404.1520(a)(3). "[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) (citations omitted).

1    reject a claimant's testimony merely because symptoms wax and wane in the course of

2    treatment." *Garrison*, 759 F.3d at 1017. And because Functional Neurologic Disorder symptoms

3    "result from an unconscious, involuntary conversion of mental stress into a physiological

4    symptom," *Nowling*, 813 F.3d at 1114, the existence of physical pain needing to be controlled by

5    medication is itself evidence of mental impairments which might nevertheless be disabling.

6           The ALJ found that the omission of Plaintiff's pseudo-seizures in the medical evidence

7    before the DLI contradicted Plaintiff's wife's testimony that such episodes occurred beginning in

8    late 2018. *See* AR 27–28. Similarly, the ALJ found that Plaintiff's decision not to go to the

9    emergency room in December 2019 after an "abrupt onset of shakiness, stuttering, and weakness

10   . . . indicate[d] that the claimant did not begin to experience the episodes that she currently has

11   until after the date last insured." AR 27. If unexplained, the failure to seek treatment for certain

12   symptoms can be a reason to dismiss allegations of debilitation from those symptoms. *See Fair*

13   *v. Bowen*, 885 F.2d 597, 603–04 (9th Cir. 1989). But here, the failure to get treatment was

14   explained by Plaintiff's wife. AR 54. She explained that, initially, seizure episodes were brief

15   and that Plaintiff would "snap out of it," but that Plaintiff would often have significant fatigue

16   afterwards. AR 54, 56–57. She and Plaintiff did not view these brief episodes as warranting

17   medical attention. *See* AR 54. The ALJ did not address this explanation.

18          The ALJ also rejected Plaintiff's wife's testimony because any "worsening of [Plaintiff's]

19   condition . . . occurred subsequent to the date last insured." AR 27. This is not a valid reason to

20   discount the testimony. Plaintiff must show she was disabled before her DLI. *See Wellington v.*

21   *Berryhill*, 878 F.3d 867, 872 (9th Cir. 2017) (citing 42 U.S.C. § 423). Plaintiff can experience

22

23

24

1   disabling symptoms before the DLI even if those symptoms subsequently worsen. And as

2   discussed above, Plaintiff's wife's testimony is consistent with such a finding.[4]

3          In sum, the ALJ erred in rejecting Plaintiff's wife's testimony that Plaintiff experienced

4   extreme, debilitating fatigue and pseudo-seizures prior to the DLI. This error was not

5   "inconsequential" to the "ultimate nondisability determination"—and therefore not harmless,

6   *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)—because, if credited, it

7   would result in a different RFC assessment. For instance, Plaintiff's wife's testimony that

8   Plaintiff's wife had debilitating fatigue preventing her from leaving bed more than once a week

9   would, according to the vocational expert, have prevented Plaintiff from maintaining any sort of

10   employment. AR 64–65.

11   **B.  Remaining Issues**

12          Plaintiff argues the ALJ erred in evaluating Paul's statement and two medical opinions.

13   *See* Dkt. 10. As the Court has found reversible error in the ALJ's evaluation of Plaintiff's wife's

14   testimony, the Court declines to consider whether the ALJ erred in considering the medical

15   opinions or Paul's statement. Rather, the Court directs the ALJ to reevaluate all the evidence on

16   remand, and reassess the RFC as warranted by further consideration of the evidence.

17

18

19

20

21

22          [4] The ALJ also noted in various parts of the decision that Plaintiff was not diagnosed with Functional
     Neurologic Disorder until after the DLI. *See* AR 28–29. To the extent the ALJ relied on this as a reason to reject
     Plaintiff's wife's testimony, this was error. DIB claimants need only show they were unable to engage in substantial
23   gainful activity pre-DLI, not that their underlying condition was ascertainable at that time. *See Wellington v.
     Berryhill*, 878 F.3d 867, 872 (9th Cir. 2017) (citing 42 U.S.C. § 423). And because medical reports like diagnoses
     "are inevitably rendered retrospectively," they "should not be disregarded solely on that basis." *See Smith*, 849 F.2d
24   at 1225.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# IV. CONCLUSION

For the foregoing reasons, the Court REVERSES and REMANDS the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 30th day of October, 2023.

David W. Christel
Chief United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 9